## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WARWICK-DRAKE | § | |
| AND LIANE WARWICK-DRAKE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-cv-00342 |
| | § | |
| RICHARD MCDONALD | § | |
| AND MCEQUINE ENTERPRISE, LLC | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION TO REMAND

Come Now, Christopher Warwick-Drake and Liane Warwick-Drake, Plaintiffs in the above styled and numbered case, and file this Motion to Remand seeking a remand of this case to the 397th District Court of Grayson County, Texas.  In support of this motion, Plaintiffs would show the Court the following:

### Background

This case was originally filed in the 397th State District Court of Grayson County, Texas on or about May 15, 2013.  Defendants allege in their Defendants' Joint Notice of Removal (hereafter referred to as, "Notice of Removal,") to have been served on May 31, 2013.  They filed their Notice of Removal on June 21, 2013 based entirely on diversity jurisdiction under 28 U.S.C. 1332(a)(1).  As reflected in the Plaintiffs' Original Petition, this case involves causes of action for negligence, breach of contract, and conversion.  No federal cause of action is alleged.  Reflected on the face of Defendants' Notice of Removal is an admission that all Defendants were and remain citizens of the State of Texas.  This is consistent with the averments of the Plaintiffs' Original Petition.

**Argument**

This court must strictly construe the removal statutes in favor of remand and against removal.  *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *Brown v. Francis*, 75 F.3d 860, 864-65 (3rd Cir 1996).  The court may remand a case on the basis of any procedural defect identified in a motion for remand filed within 30 days after the filing of a notice of removal under 28 U.S.C. 1446(a).  28 U.S.C. 1447(c).  However, the court may remand a case at any time on the basis of a defect to subject matter jurisdiction identified in a motion to remand.  *Id.* Diversity jurisdiction as defined under the applicable removal statutes is lacking in this case because the Defendants are citizens of Texas and thus, local defendants under applicable law.   Whether this is a subject matter or procedural defect is of no moment since this Motion to Remand is filed within 30 days of removal.

The Court should remand this case because although the parties are otherwise diverse, Defendants are citizens of the state where the suit was filed.  28 U.S.C. 1441(b).  As shown on the face of the Notice of Removal, all defendants are citizens of the State of Texas, the state from which this case was removed.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006), *cert. denied*, 548 U.S. 907, 126 S.Ct. 2945; 165 L. Ed. 2d 956 (2006); See also *Holmes v. Acceptance Cas. Ins. Co.*, 2013 WL 1819693 (E.D. Texas Apr. 26, 2013).  Consequently, removal by such local defendants was improper and the Court should remand this case to the state court.  The removal statute in the context of diversity jurisdiction is designed to protect foreign defendants sued in state courts and not as a means for local defendants to

avoid the courts of their own state. Crowded federal dockets make this policy consideration even more important.

When considering a motion to remand, "the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). This burden also extends to showing a jurisdictional basis for removal, and necessary compliance with the requirements of the removal statute. *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting *Albonetti v. GAF Corp. Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006); *Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F. Supp. 2d 920, 921 (S.D.Tex. 2001). Defendants have failed to show that this case was properly removed, and, in fact, removal jurisdiction is defeated on the face of Defendants' Notice of Removal where they represent that all defendants are citizens of the state of Texas, such being local defendants. The plain language of Defendants' Notice of Removal demonstrates that removal was improper under applicable law and that they were without a jurisdictional or statutory basis to remove this action.

This request for remand is timely. *See* 28 U.S.C. §§1446(a) and 1447(c). This motion to remand is filed within 30 days of the date the Notice of Removal was filed by Defendants.

## Conclusion

For these reasons, plaintiffs ask the Court to grant this motion, and remand this case to the state court where it was originally filed such being the 397th State District

Court of Grayson County, Texas.  Plaintiffs pray for any other, further, or additional relief to which they may be entitled.

Respectfully submitted,

By:  /s/ Brooks P. Lynn
Texas Bar No. 12836350
Brooks P. Lynn
Attorney At Law
710 Centerpark, Suite 140
Colleyville, Texas  76034
Tel.  (817) 656-7050
Fax (817) 656-8044

Attorneys for Plaintiffs
Christopher Warwick-Drake and
Liane Warwick-Drake

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 22nd day of July, 2013, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

/s/ Brooks P. Lynn
Brooks P. Lynn

## CERTIFICATE OF CONFERENCE

Lead counsel for the parties have met and conferred by telephone regarding Plaintiff's Motion to Remand filed in 4:13-cv-342.  After giving one another the opportunity to express and compare their views concerning the Motion to Remand, counsel for Defendants has stated that Defendants do not oppose the Motion and Defendants will submit an Agreed Order to Remand the case to the 397th Judicial District Court of Grayson County by Tuesday, July 23, 2013.  A copy of my confirming email is attached hereto as Exhibit "A".

/s/ Brooks P. Lynn
Brooks P. Lynn